Duane H. Gillman #1194
dgillman@djplaw.com
Jessica G. Peterson #11210
jpeterson@djplaw.com
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110
Telephone: (801) 415-3000
Facsimile:  (801) 415-3500
         Attorneys for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CHUNG CHU DAI, an individual,<br><br>Debtor. | Bankruptcy Case Number<br><br>11-24789-JTM<br><br>Chapter 7 |
| In re:<br><br>CHUNG JI DAI, an individual,<br><br>Debtor. | Bankruptcy Case Number<br>11-31537-JTM<br>Chapter 7<br><br>Jointly Administered Under 11-24789 |

## TRUSTEE'S REPORT REGARDING SALE OF
## LITIGATION CLAIM OF THE ESTATE

Steven R. Bailey, trustee of the above-referenced jointly administered bankruptcy estate,

by and through counsel, hereby submits his report regarding sale of litigation claim of the estate

conducted before this Court on February 9, 2012 at 2:00 p.m., the Honorable Joel T. Marker,

United States Bankruptcy Judge, presiding.

**SALE**

Pursuant to the authorization of the Court, and under the terms of the Notice of Motion

for Order Authorizing Sale of Litigation Claim of the Estate and Notice of Hearing, Trustee's

1

SLC_1058269.1

counsel opened bidding between the debtors Chung Chu Dai and Chung Ji Dai, and their sister

Gui Ling Dai (together, the "Dais") and Stewart Title Guaranty Company ("Stewart"). Stewart

provided Trustee's counsel with a $20,000 earnest money check to be able to bid at the hearing.

The highest bidder was the Dais with a high bid of $30,500. The second highest bidder

was Stewart with a bid of $30,000.

On February 24, 2012, the Court entered the Order Authorizing Sale of Litigation Claim

of the Estate ("Order"). A copy of the Order is attached hereto as **Exhibit A.**

On February 24, 2012, the Trustee executed the Bill of Sale conveying the litigation

claim to the Dais. A copy of the Bill of Sale is attached hereto as **Exhibit B.**

The Dais have paid the $30,500 to the Trustee and the Trustee has forwarded the Bill of

Sale to counsel for the Dais.

Trustee counsel has returned the $20,000 check to Stewart's counsel.

The sale proceeds of $30,500 will be held by the Trustee as property of the estate to be

distributed in accordance with applicable provision of the Bankruptcy Code.

DATED this 28 day of February, 2012.

Duane H. Gillman
Durham Jones & Pinegar
Attorneys for Trustee

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **TRUSTEE'S REPORT REGARDING SALE OF LITIGATION CLAIM OF THE ESTATE** was served this 29th day of February, 2012, via ECF Notice or United States mails, postage prepaid, to the following:

David P. Hirschi
Justin R. Baer
Hirschi Steele & Baer, PLLC
136 East South Temple, Suite 1400
Salt Lake City, UT  84111-3156

Lou G. Harris
Law Offices of Lou Gehrig Harris, Inc.
ECF Notice

U.S. Trustee's Office
ECF Notice

*/s/ Angie W. Stettler*
DURHAM JONES & PINEGAR

SLC_1058269.1

# EXHIBIT A

**The below described is SIGNED.**

Dated: February 24, 2012 _____

*JOEL T. MARKER*
**JOEL T. MARKER**
**U.S. Bankruptcy Judge**

---

Duane H. Gillman #1194
dgillman@djplaw.com
Jessica G. Peterson #11210
jpeterson@djplaw.com
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
P.O. Box 4050
Salt Lake City, UT 84110
Telephone: (801) 415-3000
Facsimile:  (801) 415-3500
            Attorneys for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CHUNG CHU DAI, an individual,<br><br>Debtor. | Bankruptcy Case Number<br><br>11-24789-JTM<br><br>Chapter 7 |
| In re:<br><br>CHUNG JI DAI, an individual,<br><br>Debtor. | Bankruptcy Case Number<br>11-31537-JTM<br>Chapter 7<br><br>Jointly Administered Under 11-24789 |

### ORDER AUTHORIZING SALE OF LITIGATION CLAIM OF THE ESTATE

The Trustee's Motion for Order Authorizing Sale of Litigation Claim of the Estate (Dkt.

174) ("Motion") came for hearing before this Court on February 9, 2012 at 2:00 p.m., the

Honorable Joel T. Marker, United States Bankruptcy Judge, presiding.  Appearances were noted

on the record.

1

SLC_1045584.1

Filed: February 14th, 2012

The Court reviewed the Motion, memorandum in support of the Motion (Dkt. 175), and the Notice of Motion for Order Authorizing Sale of Litigation Claim of the Estate and Notice of Hearing (Dkt. 185) ("Notice"), considered the statements of counsel, and found that notice was proper and the sale to be in the best interest of the estate. No objections to the Motion were filed.

Pursuant to the Notice, the debtors Chung Chu Dai and Chung Ji Dai, and their sister Gui Ling Dai (together, the "Dais") were listed as the Buyers of the litigation but third parties were allowed to bid at the hearing. Stewart Title Guaranty Company ("Stewart") filed its Notice of Intent to Bid at Trustee's Sale. Stewart also provided a $20,000 cashier's check to be able to bid at the hearing, which cashier's check is being held by the trustee's counsel. At the hearing, bidding was opened between Stewart and the Dais. The bidding ended with the Dais as the first highest bidder at $30,500 and Stewart as the second highest bidder at $30,000.

The Court pointed out an error in the pleadings that the cases were listed as substantively consolidated and the cases are in fact jointly administered. The Court's findings of fact and conclusions of law made on the record are incorporated herein by reference. Based thereon, it is hereby

ORDERED that the trustee is authorized to sell the litigation claim described in, and pursuant to the terms and conditions described in the Notice filed January 26, 2012, attached hereto as **EXHIBIT 1** (without certificate of service), and to distribute the sale proceeds as set forth in said Notice; and it is further

ORDERED that the Bill of Sale, attached to the Notice as Exhibit A, be amended to reflect that the bankruptcy estates are jointly administered instead of substantively consolidated before it is signed by the Trustee; and it is further

2

ORDERED that Stewart's $20,000 cashier's check will be returned to Stewart upon closing by the Dais; and it is further

ORDERED that good cause has been shown such that the fourteen (14) days stay of Federal Rule of Bankruptcy Procedure 6004(h) shall be waived, and this Order shall be effective immediately.

**-----END OF DOCUMENT-----**

SLC_1045584.1

## ATTORNEY'S CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing proposed **ORDER AUTHORIZING SALE OF LITIGATION CLAIM OF THE ESTATE** was served this 14 day of February, 2012, via regular U.S. mail, postage prepaid, to the following:

David P. Hirschi
Justin R. Baer
Hirschi Steele & Baer, PLLC
136 East South Temple, Suite 1400
Salt Lake City, UT  84111-3156

Lou G. Harris
Law Offices of Lou Gehrig Harris, Inc.
111 East 5600 South, Suite 322
Murray, UT  84107

DURHAM JONES & PINEGAR

SLC_1045584.1

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing **ORDER
AUTHORIZING SALE OF LITIGATION CLAIM OF THE ESTATE** was served this _____
day of February, 2012, via regular U.S. mail, postage prepaid, or by ECF Notice:

United States Trustee
*Via* ECF Notice

Duane H. Gillman
Durham Jones & Pinegar
*Via* ECF Notice

Steven R. Bailey, Trustee
*Via* ECF Notice

David P. Hirschi
Justin R. Baer
Hirschi Steele & Baer, PLLC
136 East South Temple, Suite 1400
Salt Lake City, UT  84111-3156

Lou G. Harris
Law Offices of Lou Gehrig Harris, Inc.
*Via* ECF Notice

Ryan R. West
Mumford West & Snow LLC
*Via* ECF Notice

_____

SLC_1045584.1

# EXHIBIT 1

Duane H. Gillman #1194
dgillman@djplaw.com
Jessica G. Peterson #11210
jpeterson@djplaw.com
**DURHAM JONES & PINEGAR**
111 East Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500
      Attorneys for Chapter 7 Trustee

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>CHUNG CHU DAI, an individual,<br><br>    Debtor. | Bankruptcy Case Number<br><br>11-24789-JTM<br><br>Chapter 7 |
| In re:<br><br>CHUNG JI DAI, an individual,<br><br>    Debtor. | Bankruptcy Case Number<br><br>11-31537-JTM<br><br>Chapter 7<br>Substantively Consolidated Under 11-24789 |

**NOTICE OF MOTION FOR ORDER AUTHORIZING SALE OF LITIGATION CLAIM
OF THE ESTATE AND NOTICE OF HEARING**

**(Objection Deadline: On or before February 9, 2012 at 2:00 p.m.)**
**(Hearing Date: February 9, 2012 at 2:00 p.m.)**

Notice is hereby given that Steven R. Bailey, Chapter 7 Trustee of the above-named

Debtors ("Trustee") intends, in the absence of valid objections, to sell the estates' interest in and

to certain litigation pending in the Third Judicial District Court for the State of Utah, County of

Salt Lake, case no. 000908045 (the "Stewart Title Litigation"), included in the bankruptcy estate

of the above-named Debtors and described below, free and clear of liens and interests with valid

liens and/or interests to attach to the sale proceeds, to the debtors Chung Chu Dai and Chung Ji

Dai, and their sister, Gui Ling Dai  (collectively the "Buyers") and with the sale to conform to

the offer attached hereto and incorporated herein referenced as **Exhibit A**, and as further

described below, or any comparable offer for a higher cash price as an overbid at the hearing set

forth below.  At the hearing the Buyers will be allowed to increase their bid in response to any

over bid by a third party.

## I.  DESCRIPTION OF STEWART TITLE LITIGATION

Litigation pending in the Third Judicial District Court for the State of Utah, County of

Salt Lake, captioned ROA General, Inc. v. Steven R. Bailey, Chapter 7 Trustee for the Estate of

Chung Chu Dai, Steven R. Bailey, Chapter 7 Trustee for the Estate of Chung Ji Dai, and the third

party complaint contained therein captioned Steven R. Bailey, Chapter 7 Trustee for the Estate of

Chung Chu Dai and Steven R. Bailey, Chapter 7 Trustee for the Estate of Chung Ji Dai v.

Stewart Title Guaranty Company, case no. 000908045, Judge Glenn K. Iwasaki (the "Stewart

Title Litigation").

## II.  NOTICE OF SALES PRICE/BASIS

The Trustee negotiated with counsel for the Debtors to sell the Stewart Title Litigation

for $20,000.  See Email Correspondence between Lou Harris, counsel for the Debtors, and

Steven R. Bailey, Chapter 7 Trustee, attached hereto as **Exhibit B**.  The funds for the purchase of

the Stewart Title Litigation are coming from the Debtors' sister, Gui Ling Dai, as further

explained in the correspondence from Gui Ling Dai and Zions Bank, attached as **Exhibit C**.  The

Trustee believes that this sale is in the best interests of creditors of the estate and the debtors.

The Trustee does not believe he would be able to collect more than $20,000 if he were to

SLC_1029895.1

continue to prosecute the case against the third party defendant, and there is a substantial

likelihood that he would recover less than $20,000. In addition, attorneys fees would be

expended in the prosecution of the Stewart Title Litigation. Further, the Trustee is giving notice

of the sale to the third party defendants, who can bid on the Stewart Title Litigation in

accordance with the bidding procedures outlined below.

### III.  BUYERS

The buyers of the Stewart Title Litigation are the Debtors Chung Chu Dai and Chung Ji

Dai, and their sister Gui Ling Dai.

### IV.  TERMS AND CONDITIONS OF TRUSTEE'S SALE

1.      The Stewart Title Litigation will be sold as is, where is, and with no warranties or

guarantees of any kind.

2.      The Stewart Title Litigation is sold free and clear of liens and interests with valid

liens and/or interests to attach to the sale proceeds.

3.      The $20,000 has been received and is being held by the Trustee.

4.      If a third party wishes to bid on the Stewart Title Litigation, the third party must

alert the bankruptcy court and the Trustee's counsel in writing on or before the objection

deadline to approve the sale.

### V.  TERMS AND CONDITIONS OF BIDDING

In the event a third party wishes to bid on the Stewart Title Litigation, and a higher and

better offer is made by a third party at the hearing set forth below, the following terms and

conditions will apply:

3

SLC_1029895.1

1.      Any party who wishes to participate in an auction to purchase the Stewart Title Litigation must alert the Trustee and the bankruptcy court in writing on or before the objection deadline of February 9, 2012 at 2:00 p.m., as set forth below.

2.      Any party who wishes to participate in an auction to purchase the Stewart Title Litigation must provide $20,000 in a cashier's check or certified funds made payable to Steven R. Bailey, Chapter 7 Trustee for the estates of Chung Chu Dai and Chung Ji Dai, on or before the beginning of the auction.

3.      The auction will be conducted at the hearing on the Motion for Order Authorizing Sale of Litigation Claim of the Estate on February 9, 2012 at 2:00 p.m., at:

Frank E. Moss Courthouse
350 South Main Street
Courtroom 341
Salt Lake City, UT 84101

4.      Prospective bidders must participate in the auction in person, or by an authorized representative.

5.      The auction may, in the Trustee's and the Court's discretion, be recorded or transcribed.

6.      The bidding will be by open cry, i.e., each bid will be made verbally and each bidder present will know the bids of the other bidders.

7.      Bids must be in cash, in U.S. dollars, must represent a good faith, bona fide offer, must not be conditioned upon financing, due diligence, further investigation, or internal or third party approval or ratification, and must remain irrevocable until the time of closing of the sale.

8.      Bids will only be accepted in minimum higher increments of $500 or more, and the minimum overbid shall be $20,500.00.

4

SLC_1029895.1

9.    The Trustee will open the bidding, continue the bidding, and close the bidding, in the Trustee's discretion, until such time as the highest or otherwise best bid is determined.  By making an announcement at the auction, the Trustee may, but shall not be required to, designate breaks.

10.    Successful bidders are defined as the first, second, and third highest bidders at the auction, with the second and third bidders' bids continuing as back up bids until a prior bid is closed.  The earnest money deposit for the highest bidder will be paid immediately to the Trustee and shall be applied against the purchase of the Stewart Title Litigation or refunded as set forth above and below.

11.    The actual buyer of the Stewart Title Litigation is defined as the successful bidder who actually closes the sale as described below.

12.    Closing includes payment of the balance due (balance due = total bid - buyer's earnest money) in full by the successful bidder in cash or certified funds ("Funding"), and execution of any documentation deemed necessary by the Trustee ("Settlement").

13.    Funding must occur:  (a) if to the highest bidder, not later than five (5) calendar days after entry of the order authorizing the sale or (b) if to a backup bidder, within five (5) calendar days after forfeiture of the prior bidder's earnest money deposit.

14.    If the highest bidder closes, the backup bidders' earnest money deposits shall be refunded to them.

15.    If any bidder becomes a successful bidder and fails to close, that bidder's earnest money deposit shall be forfeited to the Trustee.

5

16.     Sale terms shall be those set forth in this notice and the motion, including without limitation that the sale shall be <u>as is, where is, without representation or warranty or guaranty of any kind</u>.

17.     The Trustee reserves the right to accept or reject bids on any ground, including if the Trustee determines that a bid is (a) inadequate or insufficient, (b) not in conformity with the requirements of the Bankruptcy Code or the terms set forth herein, or (c) contrary to the best interests of the Debtors' bankruptcy estate.

18.     The Stewart Title Litigation is to be sold free and clear of any interests (including liens, taxes, claims, charges or encumbrances) with valid liens and/or interests to attach to the sale proceeds (with the same validity and priority, if any, they had on the petition date in this case), pursuant to 11 U.S.C. § 363(f).

19.     Bidders shall bear all of their own expenses and costs in connection with the auction and sale, may not deduct any such expenses or costs from any bid and, by participating in the auction, agree not to assert any administrative claims against the Debtors' bankruptcy estates for such expenses or costs.  Any and all transfer, sales, or other similar taxes or fees to be paid in connection with the sale shall be paid by the successful bidder.

20.     At the hearing on February 9, 2012 at 2:00 p.m., and from time to time as scheduled, the Trustee or the Court may extend the date and time for the hearing without providing further notice to the creditors of the estate.

## VI.  INTENDED DISTRIBUTION OF SALE PROCEEDS

The Trustee intends to hold the proceeds of the sale for payment of necessary expenses and disbursements to creditors of the estate.

6

SLC_1029895.1

### NOTICE OF HEARING AND OPPORTUNITY FOR OBJECTION

**PLEASE TAKE NOTICE** that the Trustee has filed with the United States Bankruptcy Court for the District of Utah, his Motion for Order Authorizing Sale of Litigation Claim of the Estate.

**YOUR RIGHTS MAY BE AFFECTED.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one**.

The Motion seeks to sell the Stewart Title Litigation to the Buyer for $20,000, as described above.

If you do not want the Court to grant the relief requested in the Motion then:

(1) on or before **February 9, 2012 at 2:00 p.m.**, you or your lawyer must file with the Bankruptcy Court a written objection to the Motion explaining your position, at:

> United States Bankruptcy Court
> 350 South Main Street, Room 301
> Salt Lake City, UT 84101

If you mail your objection to the Bankruptcy Court for filing you must mail it early enough so that the Court will **receive** it on or before February 9, 2012.  You must also mail a copy to the undersigned counsel at:

> Jessica G. Peterson
> Durham Jones & Pinegar
> P.O. Box 4050
> Salt Lake City, UT 84110

If you do not file a written objection, you may object orally at the hearing, but you must attend the hearing.

7

(2) attend the hearing on the Motion which is set for **February 9, 2012 at 2:00 p.m.** at:

Frank E. Moss Courthouse
350 South Main Street
Courtroom 341
Salt Lake City, UT 84101

Failure to attend the hearing will be deemed a waiver of your objection.

If you or your attorney do not take these steps, the Bankruptcy Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.  In the absence of a timely filed objection, the undersigned counsel may and will ask the Court to strike the hearing and enter an order approving the Motion without hearing.

DATED this 26 day of January, 2012.

Jessica G. Peterson
DURHAM JONES & PINEGAR
Attorneys for Chapter 7 Trustee

8

# EXHIBIT A

## *BILL OF SALE*

KNOW ALL MEN BY THESE PRESENTS, that Steven R. Bailey, chapter 7 Trustee ("Seller") of the substantively consolidated Chapter 7 Bankruptcy Estate of Chung Chu Dai, case no. 11-24789 and Chung Ji Dai, case no. 11-31537 ("Debtors"), United States Bankruptcy Court, District of Utah, for and in consideration of Twenty Thousand Dollars ($20,000.00) and other good and valuable consideration received from the Debtors and their sister, Gui Ling Dai (collectively the "Buyers"), with no representations and warranties by either party, the receipt and sufficiency of which is hereby acknowledged, has, pursuant to bankruptcy court order approving this sale, bargained, sold, transferred, assigned, set over, and conveyed and by these presents does bargain, sell, transfer, assign, set over, and convey unto the Buyers, and their successors and assigns forever, in "AS IS" condition, and with no representations or warranties, express or implied, the bankruptcy estate's interests in and to the Stewart Title litigation, litigation pending in the Third Judicial District Court for the State of Utah, case no. 000908045, subject to any and all liens or encumbrances.

TO HAVE AND TO HOLD the Property unto the Buyer, its successors and assigns, to their own use forever.

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be effective as of this _____ day of _____, 2012.

SELLER:

ESTATE OF CHUNG CHU DAI AND CHUNG JI DAI

By: _____
Steven R. Bailey, in his capacity as Chapter 7 Trustee of the
Substantively Consolidated Bankruptcy Estate of Chung Chu Dai
and Chung Ji Dai

SLC_1029884.1

# EXHIBIT B

**From:** lgh [mailto:lgh@louharrislawfirm.com]
**Sent:** Thursday, January 12, 2012 1:33 PM
**To:** Karen Bailey
**Subject:** RE:Case # 11-24789 chung Chu Dai Purchase Offer

Trustee Bailey,

After our conversation yesterday (1/11/2012), I spoke to the Debtors and ws directed to make 3 offers for assets of the bankruptcy estate. They are as follows:
Offer 1: $5,000 to purchase the tangible assets of the 99-cent store.
Offer 2: $25,000 to purchase all tangible assets associated with Club Expose.
Offer 3: $20,000 to purchase the Stewart Title litigation.

Debtors have 3rd party funding that can be tendered to you as soon as a purchase price can be agreed upon.

Lou Harris
----- Original Message -----
**From:** LGH
**To:** karen@baileylaw.org,
**Sent:** 1/05/2012 3:27PM
**Subject:** RE:Case # 11-24789 chung Chu Dai Purchase Offer

Steve,

Please see attached Purchase Offer Letter. Debtor is offering 2 amounts to buy the 99-cent Store assets and Club Expose assets.

Lou
----- Original Message -----
**From:** LGH
**To:** karen@baileylaw.org
**Sent:** 11/15/2011 2:46PM
**Subject:** FW:Case #11-31537 and 11-24789 from chung ji dai (wells fargo bank for club expose)

Please find attached bank statements for Wells Fargo account for Chung Ji and Chung Chu Dai.

Lou Harris
----- Original Message -----
**From:** chung dai
**To:**
**Sent:** 11/15/2011 10:18AM
**Subject:** from chung ji dai (wells fargo bank for club expose)

1

# EXHIBIT C

November  24,  2011

To  whom  it  may  concern:

This  letter  is  from  gui  ling  Dai,  I'll  send  other  $40000.00  from  china  end  this  december  that  will  be  help  my  brother  chung  ji  dai  and  chung  chu  dai  for  their  payment.

Sincerely,

Gui  ling  dai

# ZIONS BANK°

NOV 3 0 2011

November 30, 2011

To:    Chung Ji Dai
       4780 Fortuna Way
       Salt Lake City, UT 84124

This letter is to confirm that you have an account with Zions Bank. The account was
opened on November 10, 2011 and the balance as of November 30, 2011 is $50,062.00.

Sincerely,

*Chad Hansen*
*Customer Service Manager*

# ZIONS BANK®

November 14, 2011

To Whom It May Concern:

This letter is to confirm that Chung Ji Dai and Chung Chu Dai have an account with Zions Bank. As of November 14, 2011 the account has a balance of 50,078.00

Sincerely,

Lindsay Mawhinney
Financial Service Representative
ZIONS FIRST NATIONAL BANK
LINDSAY MAWHINNEY
5595 SOUTH STATE STREET
MURRAY, UTAH 84107

I, Chung Ji Dai & Chung Chu Dai authorize Zions Bank to release the above information on my account(s).

_____
(Customer Signature)

Member FDIC

# EXHIBIT B

### *BILL OF SALE*

KNOW ALL MEN BY THESE PRESENTS, that Steven R. Bailey, chapter 7 Trustee

("Seller") of the jointly administered Chapter 7 Bankruptcy Estate of Chung Chu Dai, case no.

11-24789 and Chung Ji Dai, case no. 11-31537 ("Debtors"), United States Bankruptcy Court,

District of Utah, for and in consideration of Thirty Thousand Five Hundred Dollars ($30,500.00)

and other good and valuable consideration received from the Debtors and their sister, Gui Ling

Dai (collectively the "Buyers"), with no representations and warranties by either party, the

receipt and sufficiency of which is hereby acknowledged, has, pursuant to bankruptcy court

order approving this sale, bargained, sold, transferred, assigned, set over, and conveyed and by

these presents does bargain, sell, transfer, assign, set over, and convey unto the Buyers, and their

successors and assigns forever, in "AS IS" condition, and with no representations or warranties,

express or implied, the bankruptcy estate's interests in and to the Stewart Title litigation,

litigation pending in the Third Judicial District Court for the State of Utah, case no. 000908045,

subject to any and all liens or encumbrances.

TO HAVE AND TO HOLD the Property unto the Buyer, its successors and assigns, to

their own use forever.

IN WITNESS WHEREOF, Seller has caused this Bill of Sale to be effective as of this

_____ day of _____, 2012.

SELLER:

ESTATE OF CHUNG CHU DAI AND CHUNG JI DAI

By:     _____

Steven R. Bailey, in his capacity as Chapter 7 Trustee of the
Jointly Administered Bankruptcy Estate of Chung Chu Dai and
Chung Ji Dai

SLC_1029884.1